UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

OCTAVIO PEREZ BEAUCHAMP,

Plaintiff,

v.

LAKE COUNTY SHERIFFS OFFICE,

Defendant.

CAUSE NO. 2:26-CV-174-HAB-JEM

OPINION AND ORDER

Octavio Perez Beauchamp, a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Beauchamp is currently incarcerated at the Lake County Jail. He claims he has been denied adequate medical care for his hernia from November 17, 2025, to the present. Beauchamp previously had hernia surgery and "was supposed to have another

surgery but was incarcerated prior to being able to have the second surgery." ECF 1 at 3. He claims his hernia is currently "infected" and that he needs to "go to the hospital." *Id.* He alleges he has filed multiple grievances, but they "keep denying me any help." *Id.*

Beauchamp states he is a pretrial detainee, so his claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). Under that standard, he is entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). "An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (internal quotation marks and citation omitted). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Pittman*, 108 F.4th at 572. First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108

F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

Although the details Beauchamp provides in his complaint are sparse, the court must accept his claim of an "infected" hernia as true at this early stage. An infected hernia is a rare but serious and potentially emergent medical condition that can occur when a hernia becomes strangulated or when surgical mesh becomes infected following a hernia surgery. *See, e.g.*, Robert Beaumont Wilson and Yasser Farooque, *Risks and Prevention of Surgical Site Infection After Hernia Mesh Repair and the Predictive Utility of ACS-NSQIP*, available online at https://pmc.ncbi.nlm.nih.gov/articles/PMC9021144 (last visited Apr. 28, 2026) ("Mesh infection is a highly morbid complication after hernia surgery, and is associated with hospital re-admission, increased health care costs, re-operation, hernia recurrence, impaired quality of life and plaintiff litigation."); Cleveland Clinic, *Strangulated Hernia*, available online at https://my.clevelandclinic.org/health/diseases/strangulated-hernia (last visited Apr. 28, 2026) ("A strangulated hernia is a life-threatening condition that happens when blood supply is cut off to the pieces of tissue or intestine inside the hernia. . . . Necrosis may lead to potentially fatal conditions like gangrene and sepsis."). Thus, Beauchamp has plausibly stated an objectively serious medical need. *Wynn*, 251 F.3d at 593.

As to liability, Beauchamp names only one defendant: the Lake County Sheriff's Office. While local governmental entities may be subject to suit for constitutional violations pursuant to 42 U.S.C. § 1983, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978), "local government liability under § 1983 'is dependent on an analysis of state law.'" *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (quoting *McMillian v. Monroe Cty.*, 520 U.S. 781, 786 (1997)).

> Under Indiana law, a municipal corporation is a unit or other separate local governmental entity that may sue and be sued. Ind. Code § 36–1–2– 10. A unit means county, municipality, or township, Ind. Code § 36–1–2– 23, and a municipality is a city or town, Ind. Code § 36–1–2–11. Thus, the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued.

*Id.* (cleaned up); *see also Riley v. Lake Cnty.*, No. 2:17 CV 368, 2018 WL 3239732, at *4 (N.D. Ind. July 3, 2018) (collecting cases finding that, under Indiana law, sheriff's departments are not suable entities). Thus, he hasn't named a proper defendant in this case.[1]

However, giving Beauchamp the benefit of all inferences as is required at this stage, he has stated a claim for prospective injunctive relief. The Lake County Sheriff

---

[1] Beauchamp hasn't stated a viable *Monell* claim, and he doesn't name or identify any defendants who would be subject to individual liability based on his sparse allegations. *See, e.g., Pittman*, 108 F.4th at 570–72; *see also Moderson v. City of Neenah*, 137 F.4th 611, 617 (7th Cir. 2025) ("A defendant cannot be held liable for a constitutional violation if she did not cause or participate in the alleged violation.") (citation omitted)); *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) ("No prisoner is entitled to insist that one employee do another's job, and the division of labor is critical to the efficient functioning of the organization.") (internal quotation marks and brackets omitted)); *Burks v. Raemisch*, 555 F.3d 592, 594–96 (7th Cir. 2009) (There is no general respondeat superior liability under 42 U.S.C. § 1983, and "public employees are responsible for their own misdeeds but not for anyone else's.").

will be added as a defendant because he is in the position to oversee the requested relief to the extent any is required. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

For these reasons, the court:

(1) DIRECTS the clerk to add the Lake County Sheriff in his official capacity as a party to this action;

(2) GRANTS Octavio Perez Beauchamp leave to proceed against the Lake County Sheriff in his official capacity on a claim for permanent injunctive relief in the form of providing constitutionally adequate medical treatment for Beauchamp's infected hernia, if required by the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES the Lake County Sheriff's Office;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Lake County Sheriff at the Lake County Sheriff's Department, with a copy of this order and the complaint (ECF 1);

(6) DIRECTS the clerk to separately docket the complaint as a motion for a preliminary injunction;

(7) DIRECTS the clerk to email a copy of the same documents to the Lake County Sheriff at the Lake County Sheriff's Department;

(8) ORDERS the Lake County Sheriff to acknowledge receipt of the email;

(9) DIRECTS the clerk to docket receipt of the acknowledgement;

(10) **ORDERS the Lake County Sheriff to file and serve a response to the request for preliminary injunction, as soon as possible, but not later than <u>May 15, 2026,</u>** (with supporting documentation and declarations from other staff as necessary) describing and explaining how Octavio Perez Beauchamp is receiving constitutionally adequate treatment for his infected hernia; and

(11) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Lake County Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 28, 2026.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT